IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Jemarcus Washington<br>Plaintiff<br><br>vs.<br><br>Rodney Wilson, et.al<br><br>Defendants | Case No. 09-493-DRH<br><br>Civil Rights Act.<br><br>42 U.S.C. §1983 |

FILED
JUN 30 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

## Original Complaint

Comes Now, Pro-se Plaintiff, Jemarcus Washington, and hereby brings this action against the above-named defendants, pursuant to the Civil Rights Act of 42 U.S.C. §1983, for alleged violations of his Constitutional Rights. In Support hereof, plaintiff states and alleges as follows:

## Jurisdiction and Venue

1. This Court has original jurisdiction to hear this matter pursuant to 28 U.S.C. §1331 and 1343

2. Venue is proper in the United States District Court for the Southern District of Illinois, as all defendants named in this cause resides in said Judicial District.

1 of 10 pages

## Parties

3. Plaintiff, Jemarcus Washington, was at all times relevant herein, a Pretrial Detainee, incarcerated at the St. Clair County Jail (Hereinafter referred to as "S.C.C.J") at 700 North 5th Street, in Belleville, Illinois, 62220. Currently, Plaintiff is a Pretrial detainee at the St. Clair County Jail, 700 North 5th Street, Belleville Illinois 62220.

4. Defendant Rodney Wilson, was at all times relevant herein, designated as a Correctional officer at "S.C.C.J". He is also a party under 42. U.S.C. § 1983

5. Defendant Scott Wright, was at all times relevant herein, designated as a correctional officer at "S.C.C.J". He is also a party under 42 U.S.C. § 1983.

6. Defendant Sheryl Tripplet, was at all times relevant herein, designated as a correctional officer at "S.C.C.J". He is also a party under 42 U.S.C. § 1983.

7. Defendant Kenneth Clayton, was at all times relevant herein, designated as a correctional officer at "S.C.C.J". He is also a party under 42 U.S.C. § 1983.

8. Defendant Matthew Scott, was at all times relevant herein, duly appointed and designated as the Corrections Assistant Superintendent of "S.C.C.J" and Captain of "S.C.C.J". He is also a party under 42. U.S.C. § 1983.

9. Defendant Xavier Blackburn, was at all times relevant herein, duly appointed and designated as a Corrections Supervisor, Acting Sgt., and was shift commander the day of incident described herein. He is also a party under 42 U.S.C. § 1983.

10. Defendant Phil McLaurin, was at all times relevant herein, designated and duly appointed as the Superintendent at/of "S.C.C.J" and the major at S.C.C.J. He is also a party under 42.U.S.C.§1983.

11. Defendant Mearl Justus, was at all times relevant herein, duly appointed, designated and elected as the Sheriff of the St. Clair Sheriffs Department in which the "S.C.C.J" is a ~~~~ division of. He is also ~~a party~~ under 42 U.S.C. § 1983.

12. Defendant Barbra Rodriguez, was at all times relevant herein, as an Licensed Practical Nurse at/of the "S.C.C.J". She is also a party under 42 U.S.C § 1983.

13. Defendant Brandy Page, was at all times relevant herein, as a Licensed Practical Nurse at/of the "S.C.C.J". She is also a party under 42 U.S.C. § 1983.

## Actual Averments

14. At all times relevant herein, each of the named defendants were employees at/of "S.C.C.J" and each were acting under color o Illinois State Law in the respective capacities as Jail officials at "S.C.C.J" (excluding Defendants Rodriguez and Page).

15. At all times relevant herein, the Plaintiff was in the care, custody and control of each of the named defendants.

16. Plaintiff states, that the acts and ~~~~ omissions of each of the named defendants deprived him of his rights, privileges and immunities secured by the Constitution and Laws of the United States.

3 of 10 pages

17. As a direct and approximate result of each of defendants actions and/or inactions alleged herein, Plaintiff has suffered and will continue to suffer in the future, including but not limited to, physical pain and ~~serious~~ injuries, serious emotional and mental anguish, embarrassment, and humiliation, stress and lost of companionship.

## Statement of the Facts

18. On June 25, 2009, while Plaintiff was incarcerated at the "S.C.C.J", he was severly injured and subjected to the willful and malicious use of excessive force by defendant Rodney Wilson, while plaintiff was in metal hand-restraints, behind.

19. Plaintiff contends that, throughout said use of excessive force described herein, he did not resist, make any sudden movements nor was he insubordinate at any time, throughout said excessive force or prior to excessive force.

20. Plaintiff was awaken out of his sleep by barking dogs and alot of officers advising detainees to come out of the cell-block.

21. Plaintiff was placed into metal restraints i.e. handcuffs by two unidentifiable officers, Defendants Wright and Clayton witnessed it.

22. Defendant Wilson aggressively grabbed the handcuffs by the middle of the cuffs my wrist was locked into and pulled Plaintiff into the hallway in front of H-blocks door, causing Plaintiff pain.

23. Defendant Rodney Wilson then pulled Plaintiff out toward the red line violently and very aggressively for no apparent reason.

24. Defendant Rodney Wilson instructed the plaintiff to lean foward, Plaintiff did as he was instructed and began to lean forward.

25. Defendant Rodney Wilson viciously and maliciously kicked Plaintiff in his left leg approximately six (6) times causing plaintiff tremendous amounts of pain making it difficult for him to remain standing but plaintiff manage to stay on his feet.

26. Defendant Rodney Wilson then maliciously kicked Plaintiff in his right leg Approximately 3 times inflicting more pain upon the Plaintiff.

27. Defendant Rodney Wilson aggressively grabbed the handcuffs and pulled Plaintiffs arms up very high behind Plaintiffs back causing Plaintiff lots of pain.

28. Defendant Rodney Wilson then forcefully grabbed the back of plaintiff's head and rammed it into the brick wall, causing blood to drip from my head unto the floor.

29. Plaintiff endured lots of vertigo and pain and could barely stand, Defendant Wilson left Plaintiff in that location in distress.

30. An unidentifiable officer told Plaintiff to not move. The plaintiff was silent and never said a word, following every instruction that he was given.



31. Plaintiff contends that Approx. every detainee in H-block witnessed the brutal attack on the plaintiff

32. Defendant Clayton, Triplot, Blackburn, Scott and A. Reid witnessed the plaintiff being brutalized and hurt and did not make an endeavor to stop their Defendant from commiting the crime against the plaintiff

33. Defendant Blackburn then violently grabbed me and agressively escorted me to the medical office.

34. Defendant Blackburn left the office and Defendant Scott came into the office.

35. ~~officer~~ officer Sean McPeak took pictures of my ~~~~ injured head and stated that Plaintiff head was swollen.

36. Plaintiff was given two shots. Plaintiff advise Defendant Page and Rodriguez that he was having problems with his vision and the pain was very excruciating.

37. Defendant Blackburn came back into the office and escorted ~~me~~ Plaintiff to H-block in an agressive nature inflicting pain upon ~~me~~ Plaintiffs wrist.

38. Defendant Wilson and Scott awaited Plaintiff at H-block ~~~~ ~~~~ door way.

39. Plaintiff contends that Defendant Wilson was boasting by saying — ~~~~ one ~~~~ got tough I had to bloody that muthafucka up.

40. Plaintiff complained of pain ~~~~ including but not limited to head pain. to ~~~~ Defendant Scott, Blackburn, Page and Rodriguez. Plaintiff was denied adequate medical attention.

41. Plaintiff contends that he wrote several complaints addressed to Defendant Scott and Defendant McLaurin explicating what had occured and that I needed pain meds and ~~~~ needed to go to the outside hospital.

42. For two consecutive days I received no pain meds or any adequate medical attention. Despite my verbal complaints or pain to Jail officials and medical staff

6 of 10 pages

43. Plaintiff contends that, throughout said use of excessive force described herein, he was totally passive and did not offer any physical resistance towards defendant Rodney Wilson.

44. Plaintiff was subsequently taken to "S.C.C.J's" medical center for treatment, for injuries resulting from the excessive use of force described herein. Plaintiff was given inadequate medical treatment.

45. As a result of the excessive use of force described herein, against Plaintiff by Defendant Rodney Wilson, plaintiff's head was bleeding over his eye, Head swollen, both of his wrists swollen and hurting, Bruises and stratches on his wrists.

46. All defendants named herein are being sued in their individual capacities.

47. Plaintiff contends that, as a result of the actions and/or inactions, as described herein, he has suffered life threatening and serious deprivations. Futhermore Plaintiff was written an disciplinary violation by Defendant Wilson and/or Blackburn. They lied in the report.

48. Each defendant should of intervened and stopped defendant Wilson from attacking the Plaintiff instead they just looked on and watched as the plaintiff was brutalizing the Plaintiff.

Count 1 - Civil Rights Claims Against Defendant Herbert Casey

49. Plaintiff reasserts and incorporates herein by reference, every fact, matter and allegation contained in paragraphs 1 through 48.

50. At all times relevant hereto, defendant Rodney Wilson was under a legal duty to protect Plaintiff from a deprivation of his rights, privileges and immunities secured to him by the Constitution and Laws of the United States

51. The conduct of Defendant Rodney described in paragraphs 1 through 48 deprived Plaintiff of his Constitutional rights under the 4th, 8th and 14th Amendments to be free from the wanton infliction of pain and the unnecessary and malicious use of excessive force. Moreover, Plaintiff had a Constitutional Right to be free from cruel and unusual punishment.

52. Defendant Rodney Wilson knew or should have known that his actions described in paragraphs 1 through 48, clearly violated Plaintiff's Constitutional rights.

53. Defendant Rodney Wilson actions described herein was malicious and in conscious disregard for the Constitutional rights.

## Count 2 - Civil Rights Against Matthew Scott, Phil McLaurin, Xavier Blackburn, Scott Wright, Cheryl Triplet, Kenneth Clayton, Mearl Justus, Barbra Rodriguez & Brandy Page.

54. Plaintiff reasserts and incorporates herein, by reference every fact, matter and allegation contained in paragraphs 1 through 48.

55. At all times relevant hereto, defendants Matthew Scott, Phil McLaurin, Xavier Blackburn, Scott Wright, Cheryl Triplet, Kenneth Clayton, Mearl Justus, Rodriguez & Page was under legal duty to protect plaintiff from a deprivations of his rights, privileges, and immunities secured to him by the Constitution and Laws of the United States.

56. At all times relevant hereto, Defendants Scott, McLaurin, Blackburn, Wright, Triplet, Clayton, Justus, Rodriguez and Page, by their actions, inactions, omissions, and knowledge were careless, malicious, and deliberate indifferent to the well established Constitutional rights of Plaintiff, in that

8 of 10 pages

a. Defendants' Scott, McLaurin, Blackburn and Justus, ~~Clayton and Wright~~, Rodriguez, Triplet and Page entrusted the care, custody and safety of Plaintiff with Defendant Wilson, who has demonstrated an act of violence and aggression with the plaintiff in the past, who extremely violent by history, incompetent and untrustworthy

b. Defendants Scott, Justus and McLaurin knew or should of known by the numerous previous complaints against Defendant Blackburn, and Wilson, that their failure to react and take disciplinary actions against Defendant Blackburn and Wilson and make alternate arrangements would violate Plaintiff's constitutional rights

c. Defendants Justus and McLaurin knew or should of know by past complaints about All of the defendants standing around and watching a crime be committed by their fellow colleagues and not intervene or report it, that their failure not take appropriate disciplinary action against defendants (i.e. Scott, Blackburn, Rodriguez, Triplet, Page, Wilson, Clayton and Wright) and make alternate arrangements, would violate plaintiff's constitutional rights;

d. Defendants Justus and McLaurin failed to properly investigate all previous allegations of complaints from numerous prisoners (including Plaintiff) against defendants name in parenthesis in subsection C of paragraph 56.

e. Defendants Blackburn, Justus, McLaurin, and Scott deliberately failed and refused to enforce their written policy and procedures, which would have ensured the lawful care, safety and treatment of Plaintiff, all which deprived plaintiff of his constitutional rights under the 4th, 8th and 14th Amendments.

## Relief

57. Plaintiff pray for judgement against All the defendants in the amount of $25,000 (twenty-five thousand dollars) to justly compensate Plaintiff for his injuries and damages.



Said requested being individually ...... particularly $25,000 (Twenty-Two Thousand dollars) from each of the named defendants.

58. Plaintiff pray for an additional award and judgement of punitive ~~damages~~ or exemplary damages in the amount of ~~$~~ $28,000 (Twenty-Eight ~~~~ thousand ~~of~~ dollars) against each of the named defendants individually.

59. Plaintiff pray for an award of attorney fees and costs against the named-defendants, pursuant to the Attorney ~~~~ Fee Award Act under 42 U.S.C. § 1988.

60. Plaintiff pray that he be granted liberal construction of his foregoing complaint.

61. Plaintiff pray for such other other relief as deemed just & equitable.

I declare under penalty of perjury (pursuant to 28 U.S.C. § 1746) that all of the above and foregoing is true and accurate to the best of my knowledge, information and belief.

Dated this 27th day of June, 2009

Respectfully Submitted

By: /s/ Jemarcus Washington
Jemarcus Washington
900 N. 5th st
Belleville, IL. 62220

10 of 10 pages.